Ernest J. SVENSON, Appellant,

v.

Robert C. WATSON, Commissioner of Patents, Appellee.

No. 13253.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 2, 1956.

Decided Feb. 21, 1957.

**450**

Mr. Edward A. Haight, Chicago, Ill., with whom Mr. Charles L. Sturtevant, Washington, D. C., was on the brief, for appellant.

Mr. Clarence W. Moore, Solicitor, U. S. Pat. Office, Washington, D. C., for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Ernest J. Svenson applied for a patent on a cam for use in a rotary blade hydraulic pump, and the method of manufacturing it. His application was denied by the Patent Office, and his subsequent suit, under 35 U.S.C. § 145, for an adjudication that he is entitled to a patent was dismissed by the District Court. He appeals as to two claims which define the cam structure. As had the Examiner and the Board of Appeals of the Patent Office, the District Court found these claims unpatentable over the patents to Vickers (No. 1,989,900) and

Tweedale (No. 2,411,602), in view of the patent to Hawley (No. 1,922,951).

The claims in question describe a ring-like cam which serves as the inner wall of the pump. Its inner surface is elliptical, and the narrower portion tightly encases a central rotor having generally radial slots. These slots house movable blades, or vanes, which move in and out as the rotor turns. When the cam structure permits, the blades are urged outward by centrifugal force and by fluid pressure from the discharge side, and then are forced inward by the contour of the cam. The blades pump oil or other fluid through two "working chambers" to build up hydraulic pressure. The working chambers are the two spaces contained within the "ends" of the elliptical inner surface of the cam. Oil or other fluid is admitted through a lateral port at the inlet end of each chamber; it is caught up by the blades and is compressed through another lateral port at the outlet end of the chamber.

The inner surface of Svenson's cam, like that of the Vickers and Tweedale cams, has two sets of opposed concentric circular segments of unequal radii, plus four transition or "rise" portions. Vickers and Tweedale specified no particular curvature for the rise portions,[1] but Svenson's application prescribes a specific contour for these segments—that produced by the development of a sine curve.[2] This contour causes the blades to move radially inward and outward in a simple harmonic motion and is said to produce even wearing along the cam path. Even wear prevents the formation of pits in the rise sections and eliminates objectionable vibration, hammering and loss of seal between the blades and the cam path.

Svenson says prior patents treated exact configuration of the cam as unim-

---

1. Vickers merely described the inner cam surface as "elliptical" in shape; Tweedale described this surface as "approximately oval."

2. A sine curve is a graphical representation of simple harmonic motion, which is the projection of uniform circular motion on any diameter of the circle in which the motion occurs.

portant, and contends that his discovery of the sine curve as the specific transition curve which will provide maximum smoothness of pump operation is a patentable improvement. The Examiner, the Board of Appeals and the District Court all held otherwise, on the ground that the prior Hawley patent "teaches" use of a sine curve for the transition segments. But, as Hawley merely mentions the sine curve as a possible alternative for his "uniform acceleration curve," [3] whether he actually teaches use of a sine curve may well be doubted.

Regardless of that, however, Hawley recognized the applicability of the sine curve by saying it may be used. If one ordinarily skilled in the art of cam design should learn, in experimenting under Hawley's teaching, that his uniform acceleration curves were unsatisfactory, he would naturally turn to the sine curve he specifies. In experimenting with a sine curve, Svenson did no more than take an "easy step." Kirsch Mfg. Co. v. Gould Mersereau Co., 2 Cir., 1925, 6 F. 2d 793.

The appellant urges that, because others working in the field failed to learn from long-standing prior art what his application discloses, it cannot be said his improvement was obvious to one of ordinary skill in the art. In support he cites Expanded Metal Co. v. Bradford, 1909, 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034, and L-O-F Glass Fibers Co. v. Watson, 1955, 97 U.S.App.D.C. 69, 228 F.2d 40. In this case, unlike those cited, there is no showing or indication that those skilled in the art had failed, after repeated efforts, to discover the improvement sought to be patented.

Affirmed.

3. Hawley says:
   "With the contour of the peripheral wall * * * constructed in this manner with uniformly accelerated curves *or some other forms of curves closely approximating this curve such as obtained*

*from a development of a sine curve,* the vanes * * * will be guided smoothly and without shock from one concentric arc to the other with a uniformly accelerated and retardation radial motion * * *." (Italics supplied.)